IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ROSAS,<br><br>   Plaintiff,<br>   v.<br><br>TOWN OF WINDSOR, et al.<br><br>   Defendants.<br>_____/ | No. C 04-05231 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

On October 18, 2005, the Court heard argument on defendants' motion for summary judgment. Having carefully considered the arguments of counsel and the papers submitted, and for the reasons set forth below, the Court GRANTS defendants' motion for summary judgment with respect to plaintiff's FEHA termination claim, plaintiff's FEHA and Title VII harassment claims, and plaintiff's claim of failure to prevent harassment. The Court DENIES defendants' motion for summary judgment on plaintiff's Title VII termination claim.

**BACKGROUND**

Plaintiff Antonio Rosas brings this employment action alleging that defendants terminated his employment as Maintenance Supervisor for the Town of Windsor because of his race. Mr. Rosas was hired by the Town as a maintenance worker in 1990 and in 1997 he was promoted to Maintenance Supervisor. Rosas Decl. ¶ 4. He held this position until his termination on May 29, 2003. Berlant Decl. ¶ 9.

In April 2003, the Town received a complaint from a member of plaintiff's crew that another employee had repeatedly made comments of a sexual nature at work in the presence of plaintiff, and that plaintiff failed to take adequate action to stop the offensive comments. Berlant Decl. ¶ 4. The crewmember's complaint also charged that plaintiff himself had made sexually offensive comments in the workplace. Andres Decl., Exh. B

at WIN-001487. The Town hired an independent investigator to investigate the charges. Berlant Decl. ¶ 5. The investigator found that the other employee violated the Town of Windsor's General Rules of Conduct and Harassment Policy. Berlant Decl., Exh. C at WIN-001912. The investigation also found that plaintiff made inappropriate statements of a sexual nature while at work. *Id.* at WIN-001913.

On May 21, 2003, Don Monk, the Town of Windsor's Public Works Director, issued to the plaintiff a Notice of Intent to Render Disciplinary Action for violation of Town policies. Berlant Decl. ¶ 8. Plaintiff did not pursue pre-disciplinary hearings available to him. Berlant Decl. ¶ 9. On May 29, 2003, Paul Berlant, then Town Manager, terminated plaintiff based on the following five violations of the Town's General Rules of Conduct (Article 26.3.2): (1) violation of the Town's Nondiscrimination Policy; (2) offensive treatment of the public or other employees; (3) furnishing knowingly false information in the course of the employee's duties and responsibilities; (4) inefficiency, incompetence, carelessness or negligence in the performance of duties; and (5) inattention to duty. Rosas Decl., Exh. A.

Plaintiff appealed the termination pursuant to Town disciplinary policy. Berlant Decl. ¶ 10. The appeal hearing was conducted by independent Hearing Officer Karen Andres. Andres Decl. ¶ 2. On February 11, 2004, Ms. Andres issued a written decision finding that plaintiff's failure to discipline the offensive crew member violated the Town's Nondiscrimination Policy. *Id.* at WIN-001483. Ms. Andres also found that plaintiff made inappropriate sex-oriented comments in a work context and that such behavior violated Town rules. *Id.* at WIN-001486. However, Ms. Andres concluded that defendants did not sustain the remaining charges against plaintiff (dishonesty during an investigation; inattention to duty; and inefficiency in the performance of duties). *Id.* at WIN-001494. Ms. Andres recommended demoting plaintiff to the level of non-supervisory employee. *Id.* at WIN-001495.

Under the Town's policy, the ultimate determination of employment remained with the Town Manager. Berlant Decl., Exh. A at WIN-001164. In a March 1, 2004, letter titled "Final Decision Regarding Termination of Employment," Mr. Berlant adopted Ms. Andres' findings of fact and her conclusions that plaintiff had violated the Town's Nondiscrimination Policy by failing to report and effectively stop the inappropriate conduct of another employee, and by making inappropriate comments of a sexual nature at work. Mr. Berlant declined to adopt Ms. Andres' recommendation regarding demotion, and instead, Mr. Berlant terminated plaintiff.

2

Berlant Decl., Exh. E. According to the Town's policy, "[t]he Town Manager's decision is reviewable by administrative writ of mandamus." Berlant Decl., Exh. A at WIN-001164. Plaintiff did not seek review of his termination through administrative writ of mandamus. Berlant Decl. at ¶ 16.

On December 8, 2004, plaintiff filed this action alleging race and age discrimination. In an order filed on May 20, 2005, the Court dismissed four of plaintiff's claims for lack of subject matter jurisdiction, leaving only the claims for race discrimination and harassment before the Court.[1] Now before the Court is defendants' motion for summary judgment, or in the alternative, partial summary judgment on the following causes of action: (1) plaintiff's FEHA discrimination claim; (2) plaintiff's Title VII discrimination claim; (3) plaintiff's claim of harassment under FEHA and Title VII; and (4) plaintiff's claim of failure to prevent harassment under FEHA and Title VII.

## LEGAL STANDARD

**A.     Summary judgment**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact," the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).

In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the nonmoving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

---

[1] Defendants moved to dismiss on grounds that plaintiff failed to allege age discrimination in his Equal Employment Opportunity Commission charge. Plaintiff conceded. The Court dismissed plaintiff's ADEA amd FEHA claims of harassment and discrimination due to age.

U.S. 574 (1986)). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49 (2d Cir. 1985); *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Hearsay statements found in affidavits are inadmissible. *See, e.g.*, *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 762-63 (9th Cir. 1980).

**B.   Racial discrimination in employment**

The analysis for claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C § 2000e-2(a) ("Title VII") and the State of California's Fair Employment and Housing Act ("FEHA"), Government Code § 12900, et seq., is the same. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888-89 (9th Cir. 1994). The burden-shifting method of proof set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973), governs plaintiff's claims of discrimination under Title VII and FEHA. Once a plaintiff establishes a prima facie case of discrimination, the employer must offer a legitimate, nondiscriminatory reason for the adverse employment decision. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 140 (2000); *Collings v. Longview Fibre Co.*, 63 F.3d 828, 833-34 (9th Cir. 1995); *Smith v. Barton*, 914 F.2d 1330, 1340 (9th Cir. 1990). If the employer meets this burden the plaintiff may produce either direct evidence of discriminatory motive, which need not be substantial, or circumstantial evidence that is "specific, substantial evidence of pretext." *See Godwin v. Hunt Wesson*, 150 F.3d 1217, 1221-22 (9th Cir. 1998).

**DISCUSSION**

**I.   Claims concerning discriminatory termination**

**A.   Plaintiff has established a prima facie case**

To demonstrate a prima facie case of employment discrimination, plaintiff must show that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial

of an available job, and (4) some other circumstance suggests discriminatory motive.[2] *See Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 355 (2000) (citing, e.g., *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981)).

The Court concludes that, although it is a close question, plaintiff has established a prima facie case of discrimination. Plaintiff is a member of a protected class because he is Hispanic and his parents were born in Mexico. Until his termination, plaintiff received positive job reviews. Rosas Decl. at ¶ 12. Plaintiff's termination was an adverse employment action. Plaintiff's supervisor, Mike Carson, who is not in plaintiff's protected class, also failed to inform the Administrative Services Director of the complaint, thus violating the Town's Nondiscrimination Policy, but he received only a letter of reprimand. Terrerri Decl., Exh. E. Plaintiff also states that another employee, who is Caucasian, regularly engaged in the use of foul and vulgar language in the workplace, and that this employee was not disciplined or terminated. Rosas Decl. at ¶ 8. Based on this evidence, the Court concludes that plaintiff has established a prima facie case of discrimination.

### B.    Plaintiff's FEHA claim for discriminatory termination

Once a plaintiff has established his prima facie case, the burden shifts to the defendants to show a legitimate, nondiscriminatory reason for the employment decision. *See Godwin v. Hunt Wesson*, 150 F.3d 1217, 1220 (9th Cir. 1998). Defendants contend that plaintiff's violation of the Town's Nondiscrimination Policy, as established during the administrative hearing, is the legitimate, nondiscriminatory reason for terminating plaintiff's employment.

Plaintiff asserts that this asserted reason is pretext. As to the FEHA termination claim, however, defendants assert plaintiff is precluded from challenging the legitimacy of the grounds for his termination because he did not exhaust his judicial remedies by seeking review of the Town's decision through administrative mandamus. Defendants contend that as a result of plaintiff's failure to seek administrative mandamus review, the Town's final decision as set forth in Mr. Berlant's March 1, 2004 letter is binding in this action.

---

[2] The fourth factor of the *McDonnell Douglas* test is flexible: "The facts necessarily will vary in Title VII cases, and the specification . . . of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 n.13 (1973).

5

The California Supreme Court held in *Johnson v. City of Lama Linda* that unless a party to a quasi-judicial administrative agency proceeding challenges the adverse findings made in that proceeding by means of a mandate action in Superior Court, those findings are binding in a later civil action under FEHA. *Johnson v. City of Lama Linda*, 24 Cal. 4th 61, 69 (2000) (citing *Westlake Cmty. Hosp. v. Superior Court*, 17 Cal.3d 465 (1976); *see also* Cal. Code of Civ. P. § 1094.5(b)). Consequently, when "a public employee pursues administrative civil service remedies, receives an adverse finding, and fails to have the finding set aside through judicial review procedures, the adverse finding is binding on discrimination claims under the FEHA." *Johnson*, 24 Cal. 4th at 76.

Plaintiff contends that *Johnson* does not apply because the administrative hearing was not a proceeding by a quasi-judicial agency and there were no procedural protections in place for plaintiff. Plaintiff notes that this was the Town's first hearing, and the hearing officer commented that it would be conducted in an informal manner. Terrerri Decl., Exh. F. Plaintiff further states that the hearing officer's opinion was merely advisory to Town Manager Paul Berlant, who was involved in the original decision to terminate plaintiff, and thus could not have been impartial in his ultimate decision to terminate plaintiff.

The Court notes as an initial matter that California Civil Procedure Code § 1094.5 specifically provides that a party challenging an administrative agency's decision may challenge such a decision on procedural due process grounds. Cal. Code of Civ. P. § 1094.5(b) ("The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion."). In any event, the Court concludes that the administrative hearing satisfied the requirements of procedural due process. The administrative hearing occurred before an impartial decision maker, Karen Andres; plaintiff was represented by his current counsel at the proceedings; the testimony of witnesses was submitted under oath; the hearings occurred over five dates from August through November; and there was a court reporter and a record. Terrerri Decl. Exh. F. Karen Andres provided a written report of her findings and Paul Berlant also provided a written statement of the reasons for the determination made. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) (describing minimum requisite protections of procedural due process: written notice of grounds for the disciplinary measures; disclosures of the evidence supporting the disciplinary grounds; the right to present witnesses and

6

to confront adverse witnesses; the right to be represented by counsel; a fair and impartial decision maker; and a written statement from the fact finder listing the evidence relied upon and the reasons for the determination made).

The Court concludes that plaintiff failed to exhaust his judicial remedies by not petitioning for writ of administrative mandamus, thus giving binding effect to the finding that he was terminated for his violation of the Town's Nondiscrimination Policy. Therefore, the Court GRANTS defendants' motion for summary judgment on plaintiff's FEHA discrimination claim. *See Johnson*, 24 Cal. 4th 61 (2000).

### C. Plaintiff's Title VII claim for discriminatory termination
#### 1. Collateral estoppel

Relying on *Castillo v. City of Los Angeles*, 92 Cal. App. 4th 477, 482 (2001), defendants argue that under the doctrine of collateral estoppel, plaintiff is also precluded from relitigating the issue of the wrongfulness of his termination under Title VII because the Town's unreviewed administrative findings conclusively establish it had a legitimate, nondiscriminatory reason for terminating plaintiff.

Plaintiff responds that this California authority addressed only a FEHA claim, not a Title VII claim. Plaintiff points instead to *McInnes v. State of California*, 943 F.2d 1088, 1093 (9th Cir. 1991), which held that in a Title VII action a prior state decision enjoys issue preclusive effect only if rendered or reviewed by a court. Here, the findings of the administrative hearing officer were never reviewed by a court, thus the Court finds plaintiff is not precluded from challenging the reason for his termination.

Although not preclusive, this Court does find that the administrative determination that plaintiff violated the Town's Nondiscrimination Policy would constitute a legitimate, nondiscriminatory reason for plaintiff's discharge. Under the burden-shifting pattern of *McDonnell Douglas*, this returns the evidentiary burden to plaintiff to raise a genuine factual question whether the proffered reasons are pretextual. *See Raad v. N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1193-94 (9th Cir. 2003).

#### 2. Pretext

Plaintiff asserts that the comment of Assistant Town Manager Matt Mullan that plaintiff "looked like

7

a crooked Tijuana cop" is direct evidence of discriminatory intent. When the plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial. Little direct evidence is needed to establish a triable issue as to the actual motivation of the employer. *See Godwin v. Hunt Wesson Inc.*, 150 F.3d 1217, 1221 ( 9th Cir. 1998), *Lindahl v. Air France*, 930 F.2d 1434, 1438 (9th Cir. 1991) (direct evidence of sexual stereotyping where employer believed that the female candidates get "nervous" and "easily upset"), *Cordova v. State Farms*, 124 F.3d, 1145, 1150 (direct evidence of race discrimination where employer referred to Mexican-American employee as a "dumb Mexican.").

The Court finds that plaintiff has provided enough direct evidence of discriminatory animus to support his claim that the provided reason for his termination is pretextual. Plaintiff has submitted evidence that Matt Mullan was involved in the original decision to terminate plaintiff's employment, and this has raised a triable issue of fact as to defendants' motivation in terminating plaintiff. Terrerri Decl., Exh. B at 644-45. Therefore, the Court DENIES defendants' motion for summary judgment on plaintiff's Title VII termination claim.

## II.     Hostile work environment

Plaintiff alleges he suffered racial harassment under both FEHA, Cal. Gov. Code § 12940(j)(1), and under Title VII. Defendants assert they are entitled to summary judgment on this claim due to plaintiff's failure to demonstrate the objective hostility of his work environment.

Plaintiff's FEHA claim will be evaluated under federal law because FEHA and Title VII operate under the same guiding principles. *See Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). To survive summary judgment, plaintiff must show the existence of a genuine factual dispute as to whether a reasonable Hispanic man would find the workplace so objectively and subjectively racially hostile as to create an abusive working environment. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004).

To evaluate the hostility of a work environment, the totality of the following factors are considered: the frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating; and whether it unreasonably interferes with an employee's work performance. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998), *McGinest*, 360 F.3d at 1113 (9th Cir. 2004). The harassment must be sufficiently

severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *See McGinest*, 360 F.3d at 1113 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986) (internal quotations omitted)). Defendants argue that plaintiff failed to raise a genuine issue of a hostile work environment because in his deposition plaintiff agreed that none of the comments or incidents he now complains about interfered with his ability to do his job. Moran Decl. Exh. B at 250-251:18-2; 252:4-6; 253:11-16;259:10-15.

The Court concludes that plaintiff's evidence of a hostile work environment is not sufficient to survive summary judgment. The standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a "general civility code." *Faragher*, 524 U.S. at 788. Conduct must be sufficiently extreme to amount to a change in terms and conditions of the employment. *Faragher*, 524 U.S. at 788. Plaintiff relies on the following incidents to establish his hostile work environment claim: (1) in 1990, a coworker told plaintiff that he was the "token Mexican"; (2) in 1992, the Mayor did not shake plaintiff's hand when plaintiff delivered his furniture; (3) in 1993, a coworker told plaintiff to "go speak her lingo" to a Mexican woman because the coworker did not speak "that Spanish bullshit"; (4) in 1998 or 1999, plaintiff was instructed not to wear dark glasses inside the building because he looked like a "corrupt Tijuana cop"; and (5) in 1998, plaintiff overheard Matt Mullan refer to Hispanics by saying: "You know how those people are."

Teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. *See Manatt v. Bank of Am.*, 339 F.3d 792 (9th Cir. 2003) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Plaintiff here points to five offensive comments and incidents over a thirteen year period. While not admirable, given their nature and frequency the described incidents do not satisfy the standards established for objective hostility of a work environment. Therefore, the Court GRANTS defendants' motion for summary judgment on plaintiff's claim of racial harassment.

### III. Failure to prevent harassment under FEHA and Title VII

Plaintiff's Seventh Cause of Action is for defendants' failure to take appropriate corrective action to stop the harassment against plaintiff in violation of Cal. Gov. Code § 12940(k) (formerly 12940(i)). However,

9

in order to prevail on this claim the "necessary foundational requirements of harassment" must be established. *Trujillo v. North Co. Transit Dist.*, 63 Cal. App. 4th 280, 284 (1998). Thus, because plaintiff failed to prove the "essential foundational predicate of harassment," plaintiff cannot support a finding of violation of § 12940(k).

Therefore, the Court GRANTS defendants' motion for summary judgment on plaintiff's claim of failure to prevent harassment.

## IV. Evidentiary objections

Defendants have filed evidentiary objections to paragraphs 13 and 14 and portions of paragraphs 5, 6, 7, 9 and 12 of the Declaration of John Johnson. In a motion for summary judgment only admissible evidence may be considered by the Court. Fed. R. Civ. P. 56(c). "When a motion for summary judgment is made and supported, . . . the adverse party's response, by affidavits or otherwise. . ., must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). John Johnson was the Town of Windsor's Public Works Director from 1992 through 2001. During that time, Mr. Johnson directly supervised Mike Carson, who was Antonio Rosas' supervisor. Johnson Decl. ¶ 2.

Paragraph 5: Defendants object to paragraph 5, lines 8 - 9, "When I spoke to Antonio Rosas regarding Mr. Mullan's comments, Mr. Rosas was offended and upset." The Court DENIES the objection.

Paragraph 6: Defendants object to paragraph 6, lines 16 - 17, "Mr. Mullan seemed to have a general distrust of Mr. Rosas which was not based on any facts." The Court SUSTAINS the objection on the grounds that the statement is conclusory and inappropriately opinion testimony.

Paragraph 7: Defendants object to paragraph 7, lines 18 - 20, "Mr. Mullan criticized each promotion given to Mr. Rosas and felt that each promotion was a mistake and that he did not think that Mr. Rosas should be promoted." The Court SUSTAINS the objection on the grounds that the statements lack foundation, is conclusory, and inappropriately opinion testimony. Defendants object to paragraph 7, lines 20-21, "Comments made by Mr. Mullan caused me to believe that he felt that Mr. Rosas was a dirty Mexican and not fit to be a supervisor on his team." The Court SUSTAINS the objection on the grounds that the statement lacks foundation, is conclusory, and inappropriately opinion testimony.

Paragraph 9: Defendants object to paragraph 9, lines 7 - 9, "I believe that the discipline he received as a result of that incident was in excess of what was appropriate given his level of participation in the event," on the grounds that the plaintiff cannot create a triable issue of fact by offering a third party witness declaration which is contradicted by that witness' prior testimony, and that such testimony lacks foundation. *Bank of Ill. v. Allied Signal Safety Restraint Sys*, 75 F.3d 1162, 1169 (7th Cir. 1996). The Court SUSTAINS the objections to this statement on the grounds it is inadmissible lay opinion testimony and lacks foundation.

Paragraph 12: Defendants object to paragraph 12, lines 27 - 2, "Although Mr. Mullan did not participate in the investigation, he expressed his dissatisfaction with the results of that investigation." The Court SUSTAINS the objection on the grounds that the statement lacks foundation.

Paragraph 13: Defendants object to paragraphs 13, lines 3 - 8, "After Antonio Rosas' termination was final and while I remained employed by the Town of Windsor, I met with Mr. Rosas and discussed issues relating to his employment and shared with him my opinion that he was terminated as a result of being Hispanic. I also told Mr. Rosas that Mr. Mullan appeared to have wanted him terminated for several years prior to the complaint by Mary Coburn in April and May of 2003 which resulted in Mr. Rosas' termination." The Court DENIES the objection to paragraph 13.

Paragraph 14: The defendants object to paragraph 14, lines 9 - 11, "I believe that the investigation and allegations which led to Mr. Rosas' termination, and the findings by the Town management were merely a pretext to terminate Mr. Rosas." The Court SUSTAINS the objection to paragraph 14 on the grounds that the statement is improper lay opinion testimony, speculation, lack foundation and improper conclusion.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for summary judgment on plaintiff's FEHA termination claim, plaintiff's FEHA and Title VII harassment claims, and plaintiff's failure to prevent harassment claim. The Court hereby DENIES defendants' motion for summary judgment on plaintiff's Title VII termination claim. [Docket No. 25].

**IT IS SO ORDERED.**

Dated: November 2, 2005

_____
SUSAN ILLSTON
United States District Judge